IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN EDWARD CUNNINGHAM, JR., | ) | No. C 11-5576 LHK (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| v. | ) | |
| WARDEN R. GROUNDS, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.   Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

In 2003, Petitioner was sentenced to a term of 16 years after being convicted of one count of continuous sexual abuse. He alleges that (1) the trial court committed prejudicial error when it permitted the prosecution to introduce unreliable hearsay statements, and (2) the trial court violated his right to a jury trial when it improperly imposed the upper-term sentence based on its own fact-finding. Liberally construed, Plaintiff states cognizable claims for relief.

## CONCLUSION

1.     The Clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

4.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

5.     It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of

Order to Show Cause
P:\pro-se\sj.lhk\hc.11\Cunningham576osc            2

1  any change of address by filing a separate paper captioned "Notice of Change of Address." He
2  must comply with the Court's orders in a timely fashion. Failure to do so may result in the
3  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
4  41(b).

IT IS SO ORDERED.

DATED: 1/11/12

_____
LUCY H. KOH
United States District Judge